# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS P. JENSEN, an alleged incapacitated person, by his lawful wife and attorney in fact DEBORAH J. JENSEN; and DEBORAH J. JENSEN in her own right, | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. 09-2977 |
| v. | : : | |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

**Memorandum**

YOHN, J.                                                                                                       November 24, 2009

## I. Introduction

Plaintiff Deborah J. Jensen brings this action against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, on behalf of her husband, Douglas P. Jensen, for personal injury and in her own right for loss of consortium.[1] Before me is the motion of the United States pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Mrs. Jensen's loss of consortium claim. For the reasons set forth below, I will grant the motion and dismiss her loss of consortium claim for lack of subject matter jurisdiction.

## II. Factual Background

Mr. Jensen is a United States Army veteran. (Compl. ¶ 9.) Mrs. Jensen is Mr. Jensen's wife and caregiver and holds a durable power of attorney to act on his behalf. (*Id.* ¶¶ 4-5.) Since

---

[1] Mr. Jensen is allegedly incapacitated. Mrs. Jensen has initiated guardianship proceedings in the Superior Court of New Jersey. *See In the Matter of Jensen*, No. CPM-P56-09 (N.J. Super. Ct. June 16, 2009). As of September 2009, that court had issued an interim order appointing Mrs. Jensen the temporary guardian of Mr. Jensen's person and property. *Id.*

1

2004, Mrs. Jensen has also been the designated beneficiary of Mr. Jensen's veteran's benefits. (*Id.*, Ex. C.)

As a result of progressive illness, Mr. Jensen was admitted on April 22, 2004, to the Veterans Administration Hospital in Coatesville, Pennsylvania. (*Id.* ¶ 18.) According to plaintiffs, Mr. Jensen sustained multiple injuries at this hospital over the course of several months due to assaults by other patients, "multiple 'mysterious' falls," and other abuse. (*Id.* ¶¶ 19-21.) As a result, Mr. Jensen allegedly suffered from serious head injuries, for which he underwent two brain surgeries on October 27 and 29, 2004. (*Id.* ¶¶ 22, 27-29.) Since these surgeries, Mr. Jensen has allegedly "been on a respirator and in a non-communicative state and he is currently an inpatient at the Perry Point Veteran's Administration Medical Center in the State of Maryland . . . ." (*Id.* ¶ 30 (internal citation omitted).) Plaintiffs allege that Mr. Jensen's injuries were caused by hospital employees' failure to take reasonable security measures or to provide competent medical care.

On April 24, 2006, Mrs. Jensen submitted to the Department of Veterans Affairs ("the VA") a Standard Form 95[2] notifying the VA of Mr. Jensen's injuries and of her intent to hold the VA liable for those injuries.[3] (*Id.* ¶ 7 n.2.) On January 16, 2009, the VA issued a final denial of that claim. (*Id.*) On July 2, 2009, Mrs. Jensen filed suit on behalf of her husband for personal

---

[2] Standard Form 95 is a standard administrative complaint form. FTCA claimants may use this form to present their claims to the federal agency. *See* 28 C.F.R. § 14.2(a).

[3] Mrs. Jensen's claim form is dated February 3, 2006. (Pls.' Supplemental Mem. in Supp. of Pls.' Ans. in Opp'n to Def.'s Mot. to Dismiss ("Pls.' Supp'l Mem."), Ex. A, at 1.) The VA received the form on April 13, 2006. (*Id.*) However, Mrs. Jensen did not include proof of her authority to act on Mr. Jensen's behalf and the VA did not consider the claim to be valid until she resubmitted the form on April 24, 2006, with a copy of Mr. Jensen's durable power of attorney. (Pls.' Supp'l Mem., Ex. A at 1.)

2

injury and in her own right for loss of consortium. The government has filed a Rule 12(b)(1) motion to dismiss the loss of consortium claim, and plaintiffs have objected to that motion.

## III. Jurisdiction and Standard of Review

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the existence of subject matter jurisdiction. The plaintiff bears the burden of proving that the relevant jurisdictional requirements are met. *See Dev. Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). "[W]hen there is a factual question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Gotha v. United States*, 115 F.3d 176, 179 (3d Cir.1997). The plaintiff's factual allegations are not entitled to a presumption of truthfulness. *See Robinson*, 107 F.3d at 1021.

### B. Federal Tort Claims Act

As a sovereign, the United States is immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States' sovereign immunity is only waived to the extent that Congress, by statute, consents to its waiver. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Through the FTCA, Congress has waived sovereign immunity for actions sounding in tort against the United States and its agencies. *Pascale v. United States*, 998 F.2d 186, 189 (3d Cir. 1993). The FTCA allows tort claims against the United States for the acts of its employees "under circumstances where the United States, if a private

3

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Before filing suit under the FTCA, a plaintiff must file an administrative claim with the appropriate federal agency and the agency must issue a final denial of the claim. *See* 28 U.S.C. § 2675(a). Through this exhaustion requirement, Congress intended "to ease court congestion . . . while making it possible for the Government to expedite the fair settlement of tort claims" and to "provid[e] for fair and equitable treatment of private individuals and claimants." *See Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 958 (3d Cir. 1982) (internal quotation marks omitted) (quoting S. Rep. No. 89-1327, at 5, 6 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2515-16).

The FTCA requires that a claimant submit his or her administrative claim to the appropriate agency within two years after the date on which the cause of action accrued. 28 U.S.C. § 2401(b). Each individual claimant must "submit an independent and separate claim to the appropriate administrative agency for review and possible settlement." *Pennsylvania ex rel. Sheppard v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 23 (3d Cir. 1975) (citing 28 U.S.C. § 2675(a); *Bialowas v. United States*, 443 F.2d 1047, 1050 (3d Cir. 1971)). This administrative exhaustion requirement "is jurisdictional and cannot be waived." *Bialowas*, 443 F.2d at 1049. Because the exhaustion requirement is jurisdictional in nature, it must be "strictly construed." *Pascale*, 998 F.2d at 193 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990)); *see also Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (stating that limitations on when government can be sued are to be strictly observed), *superseded on other grounds by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, § 102, 105 Stat. 1071, 1073 (1991) (codified at 42 U.S.C. § 1981A(c)(1)).

IV.     **Discussion**

In opposing the government's motion to dismiss, plaintiffs argue that the administrative claim form dated February 3, 2006, satisfied the FTCA's administrative exhaustion requirement with respect to her loss of consortium claim.[4] I disagree and will dismiss Mrs. Jensen's claim without prejudice for lack of subject matter jurisdiction.

   A.   **Must a spouse separately present a loss of consortium claim to the federal agency?**

Plaintiffs argue that a claim for loss of consortium is not separate or distinct from the injured spouse's claim for personal injury and that, as a result, the FTCA does not require claimants to place the agency on separate notice of the spouse's loss of consortium claim. However, this argument runs in direct contradiction to Pennsylvania law.

Under Pennsylvania law, a non-injured spouse may not prevail on a loss of consortium claim unless the injured spouse prevails on his or her own personal injury claim. *See Barchfeld v. Nunley*, 577 A.2d 910, 912 (Pa. Super. Ct. 1990). To that extent, the validity of a loss of consortium claim is derivative of the validity of the injured spouse's claim. Nevertheless, "a loss of consortium claim is a separate and distinct cause of action, although derivative, from the injured spouse's claim." *Id.*; *see also Nunamaker v. New Alexandria Bus Co.*, 88 A.2d 697, 699-700 (Pa. 1952) (same). Not only must the jury return separate verdicts on each spouse's claim, *see Nunamaker*, 88 A.2d at 700, but also settlement of the injured spouse's claim will not affect the non-injured spouse's right to sue in his or her own capacity, *see Barchfeld*, 577 A.2d at 912.

As a result, allowing individuals to join unexhausted loss of consortium claims onto their spouses' exhausted ones, even where both claims arise out of the same events, would

---

[4] The parties do not dispute that Mr. Jensen's claims have been fully presented to the VA. Plaintiffs also apparently concede that the Form 95 dated February 3, 2006, is the only administrative claim that Mrs. Jensen has filed for damages arising out of Mr. Jensen's injuries.

"substantially increase the amount of the government's exposure" over that reflected in the administrative claim, which "presumably would change the way [the government] would approach a possible settlement."[5] *See Manko v. United States*, 830 F.2d 831, 841 (8th Cir. 1987). Accordingly, numerous courts interpreting Pennsylvania law have, upon consideration of arguments identical to plaintiffs', concluded that the FTCA requires the non-injured spouse to provide separate notice of his or her loss of consortium claim to the appropriate agency. *See, e.g., McDevitt v. United States*, 963 F. Supp. 482, 484 (E.D. Pa. 1997); *Ferguson v. United States*, 793 F. Supp. 107, 110 (E.D. Pa. 1992); *Collins v. Gen. Motors Corp.*, 101 F.R.D. 1, 3 (W.D. Pa. 1982).

### B. Did Mrs. Jensen's Standard Form 95 Adequately Present Her Loss of Consortium Claim?

In the alternative, plaintiffs argue that the Form 95 Mrs. Jensen submitted adequately presented her loss of consortium claim to the VA. Plaintiffs rely on the following allegations: (1) Mrs. Jensen signed the form under "signature of claimant"; (2) an accompanying letter stated that "the attached [Form 95] is submitted as *our* Federal Tort Claim . . . ." (*see* Pls.' Ans. to Def.'s Mot. to Dismiss ("Pls.' Ans."), Ex. B (emphasis added) (citation omitted)); (3) it is apparent

---

[5] Although Mrs. Jensen may have included her damages arising out of loss of consortium in the overall sum that she claimed on the Form 95, the agency cannot assess realistically the scope of its liability if it lacks notice that the sum certain listed on a claim represents the damages asserted by multiple claimants and cannot discern the relative size of each person's claim for damages. *See Frantz v. United States*, 791 F. Supp. 445, 453 (D. Del. 1992) (where the Form 95 "merely stated a figure which aggregated all claims against all defendants in all the pending actions," it provided the agency with "insufficient information to realistically evaluate the claims and consider settlement"); *see also* 28 C.F.R. § 14.2(a) (providing that a claim is properly filed if the claimant has either submitted an executed Form 95—which includes a question with respect to the amount of the claimed damages—or a "written notification of an incident, accompanied by a claim for money damages in a sum certain"). Despite the fact that damages for loss of consortium are calculated independently of, and are awarded in addition to, those of the injured spouse, the Form 95 submitted by Mrs. Jensen failed to specify whether or to what extent her overall claimed sum reflected her own damages for loss of consortium. (Pls.' Ans., Ex. A.)

from the Form 95 that Mr. Jensen was married and that his claimed injuries were of the kind that would normally entitle a spouse to compensation for loss of consortium; and (4) VA employees were aware that Mrs. Jensen was Mr. Jensen's wife. Plaintiffs also refer to a letter from the VA to Mrs. Jensen, dated November 1, 2006, requesting that Mrs. Jensen submit further documentation "[i]f [a] claim is being made for loss of consortium or diminished marital relationship . . . ." (Pls.' Supp'l Mem., Ex. A at 2 (letter from VA to Mrs. Jensen).) According to plaintiffs, this letter proves that the VA had actual knowledge of Mrs. Jensen's intent to pursue a loss of consortium claim. I conclude that plaintiffs' allegations do not sufficiently establish that Mrs. Jensen presented her loss of consortium claim to the VA in a manner that satisfies the requirements of the FTCA.[6]

### 1. The Form 95 did not clearly reflect that Mrs. Jensen was seeking relief in her own name.

Unless it knows which individuals intend to pursue claims arising out of a particular set of facts and the nature and amount of each claim, a federal agency cannot conduct a proper investigation or evaluate realistically each claim's potential for settlement. *See Frantz v. United States*, 791 F. Supp. 445, 451 (D. Del. 1992). Therefore, in order to exhaust administrative remedies as required by the FTCA, an injured person must submit a claim to the appropriate federal agency, in his or her own name or through a "duly authorized agent . . . or legal representative." 28 C.F.R. § 14.3(b); *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir.

---

[6] As explained *supra* Part III.A., because the issue of administrative exhaustion is relevant to the court's jurisdiction over Mrs. Jensen's claims, I may consider evidence outside the pleadings. For the purposes of the motion before me, my understanding of the relevant facts is based on the following documents submitted by the parties: (1) a copy of the February 3, 2006, Form 95 that Mrs. Jensen submitted on behalf of Mr. Jensen and an accompanying letter in support of the claim; (2) a letter dated November 1, 2006, from the VA and addressed to Mrs. Jensen; and (3) a January 16, 2009, letter from the VA informing Mrs. Jensen of its final denial of Mr. Jensen's personal injury claim. Neither party disputes the authenticity of any of these documents.

1995). Because the right to assert a loss of consortium claim is personal to Mrs. Jensen, *see Barchfeld*, 577 A.2d at 912, Mrs. Jensen was required to submit a claim in her own name in order to exhaust the loss of consortium claim, *see Ferguson*, 793 F. Supp. at 110.[7] However, she failed to do so. Although she signed the bottom of the form under "claimant," at the top of the form she listed Mr. Jensen, not herself, as claimant. Her description of the basis of the claim and her accompanying letter refer directly only to Mr. Jensen's injuries, not her own. Nowhere in the document or in the accompanying letter is there any reference to a claim by Mrs. Jensen for loss of consortium, nor is there any explicit allegation of a loss of the services, society, and conjugal affection of one's spouse, common phraseology used to describe a loss of consortium claim.

As a result, it was reasonable for the VA to infer—as it apparently did[8]—that Mrs. Jensen intended to sign the bottom of the form as Mr. Jensen's legal representative, not in her own right as claimant. *See Frantz*, 791 F. Supp. at 453 (concluding that widow's signature of claim form as administratrix of husband's estate did not put government on notice of her wrongful death claim, which, unlike a survival claim, belongs to surviving family members and not to the decedent's estate); *Gland v. United States*, No. 03-1697, 2003 U.S. Dist. LEXIS 23894, at *8-11 (E.D. Pa. Dec. 16, 2003) (finding that widow's failure to specify in which capacity—as administratrix or in her own right—she signed the Form 95 deprived government of notice that she intended to

---

[7] Plaintiffs cite *Casey v. United States*, 635 F. Supp. 221 (D. Mass. 1986) as authority to the contrary. However, *Casey* is not in conflict with my conclusion. That court concluded that a wife's loss of consortium claim was adequately exhausted when her husband had listed her as a claimant on his claim form. *Id.* at 225. The court further distinguished the case before it from those in which "an injured party filed an administrative claim, but the spouse did not file a claim, nor was the spouse listed on the claim filed." *Id.* That is exactly the case here.

[8] According to a November 1, 2006, letter from the VA to Mrs. Jensen, the VA did not consider her administrative claim to be valid until she supplied documentation supporting her authority to act on Mr. Jensen's behalf. Mrs. Jensen would not have been required to provide such documentation in order to assert her own claim for loss of consortium. *See* 28 C.F.R. § 14.2(a).

8

pursue claims in both capacities and rendered the claim "confusing and self-contradictory").[9]

Nor is a single reference in an attached letter to "our federal tort claim" sufficient to place the government on notice that multiple parties are involved.[10] In a similar situation, another court in this circuit held that an attorney's inclusion of the words "et ux." in a cover letter sent to the VA was insufficient to place the VA on notice that the injured claimant's spouse also intended to pursue a claim in her own right. *See Collins*, 101 F.R.D. at 3. If the use of "et ux." by the plaintiffs in *Collins* is not sufficient, clearly plaintiffs' use of the word "our" to describe the claim asserted in the administrative complaint here "does not sufficiently serve the requirement and purpose behind having each claimant file his or her own form; namely, to allow the governmental agency to identify each claimant, the sum sought, and the injury claimed." *Id.*

Similarly, multiple courts in this circuit have held that merely listing a claimant as "married" on an administrative claim form, even when combined with allegations of serious injury, does not provide sufficient notice to the agency that the non-injured spouse intends to assert a loss of consortium claim. *See, e.g., Klimaszewski v. United States*, No. 96-7093, 1997 U.S. Dist. LEXIS 4677, at *2-3 (E.D. Pa. Apr. 9, 1997); *Rode v. United States*, 812 F. Supp. 45, 47 (M.D. Pa. 1992); *see also Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987) (loss of consortium claim not adequately presented to agency when the husband's claim form "did no more than give the government notice that [the wife] could have a claim for some undetermined

---

[9] Surely plaintiffs do not want the court to interpret Mrs. Jensen's signature as claimant to mean that she was asserting a claim in her own capacity for loss of consortium. To do so would mean that there was no claim asserted for Mr. Jensen's injuries, which are presumably a more serious loss.

[10] In its reply, the United States alleges that this letter "was written by William 'Buddy' Herring [sic], and so the term 'our' does not refer to Mrs. Jensen at all." (Def.'s Reply 5.) That letter is, indeed, signed by Woodrow "Buddy" Herring. (Pls.' Ans., Ex. B.) In context, however, I find that the word "our" was probably meant to include Mrs. Jensen.

sum which she might present."). Although the government may reasonably infer in such circumstances that a valid loss of consortium claim exists, "it does not necessarily follow that the claim is being asserted at that time and on that form." *Frantz*, 791 F. Supp. at 452.

> **2.    Plaintiffs have not shown that the VA had actual knowledge of Mrs. Jensen's loss of consortium claim.**

Plaintiffs also argue that where the government agency had actual notice of a claim during the administrative review process, it may not assert that a plaintiff has not exhausted administrative remedies on that claim. *See Ottem ex rel. Ottem v. United States*, 594 F. Supp. 283 (D. Minn. 1984) (allowing wife's action for loss of consortium to proceed, despite wife's failure to submit a separate administrative claim, because the agency had assured her attorney before the statute of limitations had run that wife's claim was properly filed and had fully investigated and denied wife's claim without mentioning the defect); *see also Gland*, 2003 U.S. Dist. LEXIS 23894, at *18 n.5 (speculating in *dicta* that a spouse may be allowed to obtain relief under the FTCA, despite her failure to submit separate administrative claim for loss of consortium, if the federal agency had actual awareness of her intent to file a claim in her own capacity). Plaintiffs refer to a November 1, 2006 letter from the VA, which asks for more information about Mrs. Jensen's loss of consortium claim "[i]f [such a] Claim is being made," as proof that the VA was aware of the loss of consortium claim. (Pls.' Supp'l Mem. 2.)

However, as I discuss in further detail below, that letter at most suggested that the agency *suspected* that Mrs. Jensen had such a claim. Mrs. Jensen has not provided any evidence that she responded to that letter's request for further information or that the government otherwise acquired actual knowledge of her intent to pursue such a claim before the end of the applicable statute of limitations.

10

Moreover, unlike in *Ottem*, plaintiffs have produced no evidence that the VA actually investigated and denied Mrs. Jensen's loss of consortium claim. The denial letter from the VA dated January 16, 2009, refers to the request for reconsideration of the "Administrative Tort Claim of Douglas Jensen," (Compl., Ex. B), not to the tort claims of Mr. and Mrs. Jensen. The text of the letter, which is addressed to Mrs. Jensen, also refers specifically to the "administrative tort claim for your husband."

### C. Did the Government Mislead Mrs. Jensen as to the Requirements for Filing a Loss of Consortium Claim?

Plaintiffs finally argue that Mrs. Jensen should not be expected to comply with the FTCA's requirement that each claimant file a separate claim in his or her own name because (1) the Standard Form 95 did not warn Mrs. Jensen of such a requirement and (2) the government "misled [Mrs. Jensen] into believing that the information and the paperwork that she had submitted was [sic] sufficient to establish her entitlement to pursue a claim." (Pls.' Supp'l Mem. 2.) These arguments also lack merit.

Plaintiffs cite only one case in which a court arguably considered the government's misleading communications to a claimant when deciding whether that claimant had sufficiently exhausted her administrative remedies as required by the FTCA. *See Ottem*, 594 F. Supp. at 287 (finding that plaintiff had sufficiently exhausted administrative claim for loss of consortium, despite her failure to include it on administrative claim form, when the agency fully investigated the claim and the agency attorney had verbally assured plaintiff's lawyer, prior to the end of the applicable statute of limitations, that the loss of consortium claim was properly filed). But that decision, from a different court in another circuit, concerned a situation in which the agency had

actual knowledge of the claimant's intent to pursue a loss of consortium claim and explicitly told her attorney that her claim was properly filed.[11] That is not the case here.

First, the language in Standard Form 95 was neither misleading nor ambiguous as to the requirement that loss of consortium claims be filed separately. As the court in *Frantz* noted, "the standard claim form is simple, short, and accompanied by clearly written instructions." *Frantz*, 791 F. Supp. at 451. It also "gives every indication that the claim form is tailored for a single claimant." *Id.* Although the form does not include specific instructions for filing loss of consortium claims, the government cannot waive a jurisdictional requirement simply by failing to warn prospective claimants of every possible procedural pitfall. As noted above, the FTCA's administrative presentation requirement "is jurisdictional and cannot be waived."[12] *Bialowas*, 443 F.2d at 1049.

Moreover, plaintiffs have not presented any evidence that the VA actively misled Mrs. Jensen to her detriment regarding the prerequisites to her pursuing a loss of consortium claim. Plaintiffs argue that, in asking for more information with respect to any loss of consortium claim

---

[11] In their supplemental memorandum of law, plaintiffs discuss the facts and holding of another case without actually citing that case. (Pls.' Supp'l Mem. 2.) Based on plaintiffs' description of the facts and holding of the case, it appears that they are referring to *Leaty v. United States*, 748 F. Supp. 268, 272-73 (W.D. Pa. 1990), in which the court also suggested that the government could be estopped from raising a defect in an administrative claim form as a defense when the government failed to warn the claimant about the alleged defect. However, in that case, the plaintiff's lawyer had cured the alleged defect by writing a letter to the agency that, together with the Standard Form 95 naming the plaintiff as a claimant, satisfied the presentation requirements of the FTCA. *Leaty*, 748 F. Supp. at 273.

[12] In addition, because state law determines who may bring a loss of consortium claim, the proper method for including a loss of consortium claim in an administrative complaint will vary from state to state. *Compare Borgren v United States*, 723 F. Supp. 581, 582 (D. Kan. 1989) (holding that, because Kansas law treats loss of consortium claims as part of the injured spouse's own claim, non-injured spouse was not required to submit separate administrative claim for loss of consortium), *with Ferguson*, 793 F. Supp. at 110 (arriving at opposite conclusion when interpreting Pennsylvania law).

that Mrs. Jensen planned to assert, the November 1, 2006, letter from the VA misled Mrs. Jensen into believing that the Form 95 she had filed had presented her loss of consortium claim adequately. However, a simple request for further information on a potential claim, within a list of six other requests for documentation of other potential claims, does not amount to an affirmative statement that the claim was properly filed.[13] Other language in that letter suggests that the VA considered the February 3, 2006, Form 95 to assert claims solely on behalf of Mr. Jensen. The letter states that the form alleged "personal injury damages for your husband, Douglas P. Jensen." (Pls.' Supp'l Mem., Ex. A, at 1.) The letter then goes on to state that, according to the requirements for a claim to be made on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative, the claim was invalid until the office received evidence of Mrs. Jensen's authority (*i.e.*, power of attorney) to file the claim. Thus, the VA did not consider the February 3, 2006 Form 95 as stating a claim by Mrs. Jensen on her own behalf since, at least with respect to that claim, there would then be no need for such evidence of authority.

Even if the letter were somehow misleading, plaintiffs have failed to provide any evidence that Mrs. Jensen was in fact "lulled into a position of believing that she had satisfied all of the necessary paperwork requirements in support of her claim," nor have they provided evidence that, in the absence of the letter's allegedly misleading request for information, she would have filed a timely administrative claim in her own right. (Pls.' Supp'l Mem. 3.) According to the November 1, 2006, letter, the VA requested eight additional items of information on April 21, 2006, but received in response to that request only a fax of Mr. Jensen's

---

[13] Because the administrative requirements are jurisdictional and not waivable, *see Bialowas*, 443 F.2d at 1049, it is of no importance that the VA did not explicitly reject the loss of consortium claim at that time.

durable power of attorney which authorized Mrs. Jensen to act on his behalf. (Pls.' Supp'l Mem., Ex. A, at 1.) The VA then made a second request for the other seven items of documentation, including proof of the validity of the marriage in the event that a claim was being made for loss of consortium. Plaintiffs have presented no evidence that Mrs. Jensen ever provided that additional documentation to the VA. Thus, the request in the VA's letter and the lack of evidence of a response by Mrs. Jensen clearly and emphatically support a finding that she was not making a consortium claim, rather than the opposite. Plaintiffs at most argue that Mrs. Jensen would have filed a separate claim if the VA had told her she needed to do so. However, the VA's failure so to warn her does not constitute a waiver of the exhaustion requirement. *See Bialowas*, 443 F.2d at 1049. Plaintiffs do not argue, nor is it otherwise clear, that Mrs. Jensen would have filed a separate, timely loss of consortium claim if the VA's letter had not mentioned such a claim one way or the other.[14]

**V.     Conclusion**

Mrs. Jensen failed to present adequately her loss of consortium claim to the relevant administrative agency prior to filing suit in federal court. The FTCA's exhaustion requirements are "not an insignificant technicality." *Frantz*, 791 F. Supp. at 454 (citing *Dondero v. United States*, 775 F. Supp. 144, 148 (D.Del. 1991)). "The FTCA does not give this Court discretionary power to balance hardship between the parties or to excuse noncompliance with the jurisdictional prerequisites merely because the defendant has not been prejudiced." *Id.* As a result, I will dismiss Mrs. Jensen's loss of consortium claim for lack of subject matter jurisdiction.

---

[14] As of the date of the letter, two years had passed since the alleged events giving rise to Mrs. Jensen's loss of consortium claim. Therefore, the statue of limitations would appear to have run before the letter was sent. Plaintiffs have not proposed an alternate start date for the limitations period.